IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE ANN RIPPLE, Administratrix, | : Civil No. 4:25-CV-00322 |
| Plaintiff, | : |
| v. | : |
| ANTHONY MATULEWICZ, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court are two reports and recommendations of United States Magistrate Judge Martin C. Carlson. (Docs. 41, 43.) The first, issued on August 21, 2025, recommends that the motion to dismiss filed by Defendant Michael O'Donnell be granted and that Defendant O'Donnell be dismissed from this action.[1] (Doc. 41.) Judge Carlson makes this recommendation because Plaintiff's claims are barred by collateral estoppel, *res judicata*, issue preclusion, the applicable statute of limitations, and further fail as a matter of law. (*Id.*) The second report and recommendation issued on September 12, 2025, provides that the court should dismiss the complaint against Defendant Leticia James without prejudice because Plaintiff has failed to serve her despite being given ample time to do so and warned about the prospect of dismissal. (Doc. 43.) Also before the

---

[1] Judge Carlson also recommends dismissal of Defendant Anthony Matulewicz. (Doc. 32.) However, dismissal of Defendant Matulewicz is not necessary as he was previously terminated from this action on April 25, 2025. (Doc. 23.)

1

court are numerous motions filed by Plaintiff requesting a variety of relief.  (*See* Docs. 44–50, 55, 56, 59–80, 82–87.)  For the reasons stated herein, the court will adopt both reports and recommendations.  The court will also grant Plaintiff's motion for relief from judgment, Doc. 49, and adopt, for a second time, the reports and recommendations issued on May 28 and June 2, 2025, Docs. 35 & 38.  All other outstanding motions will be denied.

## STANDARD OF REVIEW

### A. Report and Recommendations

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation.  *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report."  *Id.* at 6.  Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record.  *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

### B. Federal Rules of Civil Procedure 60

Federal Rule of Civil Procedure 60 provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or
>
>  (6) any other reason that justifies relief.
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to . . .
>
>  (3) set aside a judgment for fraud on the court.

## DISCUSSION

In response to the reports and recommendations, Plaintiff filed numerous documents. She filed objections, a motion to reconsider or vacate the reports and recommendations, motions for relief from judgment, a motion to strike, numerous motions to supplement or amend, a motion for sanctions, a motion for summary judgment, a motion for default judgment, and other documents. (Docs. 44–50, 55, 56, 59–80, 82–87.) The objection filed on November 26, 2025 "demands" that this court strike the September 12, 2025 report and recommendation due to it being "fatally corrupted" and "**ORDER RECUSAL** of the presiding judges for their egregious, deliberate bias that reeks of complicity." (Doc. 64, p. 1.)[2] Without

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

addressing the analysis of the September 12, 2025 report and recommendation, Plaintiff submits that adopting the report and recommendation "would constitute a grotesque miscarriage of justice and active participation in the ongoing cover-up of state-sponsored murder." (*Id.* at 2.) The second objection also addresses the September 12, 2025 report and recommendation, arguing that the court should reject the report and recommendation with similar allegations, but fails to address the analysis actually set forth in the report. (Doc. 76.) Relatedly, Plaintiff filed a motion to strike the September 12, 2025 report and recommendation for similar reasons as stated in the objections, but expands on her arguments and allegations. (Docs. 55, 56.)

In numerous documents filed by Plaintiff, she complains that she did not receive her mail in time to file objections to the reports and recommendations filed on May 28, June 2, August 21, and September 12, 2025, and her failure to respond is due to excusable neglect. (*See, e.g.*, Docs. 49, 50, 56.) She submits that the court is malicious for failing to use certified mail and argues deliberate sabotage of her case. (Doc. 56.)

As to the August 21st and September 12th reports and recommendations, the court accepts Plaintiff's assertions that she did not receive her mail timely so that she could file objections to these reports and recommendations by the deadline. That said, Plaintiff has since filed numerous documents, including objections to the

4

reports and recommendations, which the court will consider as if they were timely filed.³ A review of the objections (and all other documents filed by Plaintiff) shows that Plaintiff merely reargues the allegations in her complaint and expresses disagreement with Judge Carlson's analysis. (*See, e.g.*, Docs. 64, 76.) Accordingly, finding no clear error or manifest injustice on the face of the record, the court will overrule Plaintiff's objections and adopt the August 21ˢᵗ and September 12ᵗʰ reports and recommendations.

Next, reviewing the other documents filed by Plaintiff, it appears Plaintiff is requesting relief from the court's August 20, 2025 order adopting the reports and recommendations issued on May 28 and June 2, 2025. She invokes various subsections of Federal Rule of Civil Procedure 60. (*See* Docs. 49, 50.) In the motion for relief from judgement and other documents, Plaintiff argues that the court should vacate its August 20ᵗʰ order due to her excusable neglect in non-delivery of mail. (Doc. 49, p. 1.) She also requests that she be permitted to file late objections to the reports and recommendations adopted in the August 20ᵗʰ order. (*Id.* at 1.) In the motion and brief, she also argues the substance of her objections to the May 28ᵗʰ and June 2ⁿᵈ reports and recommendations.

---

³ Because the court will rule on Plaintiff's objections, her motions to reconsider or vacate the report and recommendation, Doc. 44, for relief from judgment, Doc. 46, and to strike the magistrate judge's report and recommendation, Doc. 55, will be denied as moot.

The court will grant Plaintiff's motion for relief from judgment based on Rule 60(b)(1) for excusable neglect as the court accepts Plaintiff's representation that she did not receive her mail. (Doc. 49.) Thus, the court vacates its August 20, 2025 order and will review Plaintiff's objections to the May 28th and June 2nd reports and recommendations. (Doc. 39.)

The reports and recommendations of Judge Carlson recommend that the motions to dismiss filed by David W. Sunday, Jr., the Pennsylvania Attorney General, former Pennsylvania Secretary of Corrections, John Wetzel, and District Attorney of Snyder County, Heath Brosius, be dismissed because the claims are barred by the doctrine of collateral estoppel and time barred, among other reasons. (Docs. 35, 38.) A review of Plaintiff's objections shows that Plaintiff merely reargues the allegations in her complaint and expresses disagreement with Judge Carlson's analysis. (Docs. 49 &50.) Accordingly, finding no clear error or manifest injustice on the face of the record, the court will overrule Plaintiff's objections and again adopt the May 28th and June 2nd reports and recommendations.

## CONCLUSION

For the reasons stated herein, the court will adopt all four reports and recommendations issued by Judge Carlson and overrule Plaintiff's objections. An appropriate order with additional details follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 30, 2026